# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD GEORGE MORGAN, JR., | : | |
| Plaintiff, | : | CASE NO. 3:16-cv-00225 (VAB) |
| | : | |
| v. | : | |
| | : | |
| SCOTT S. SEMPLE, et al., | : | |
| Defendants. | : | FEBRUARY 23, 2016 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff, Lloyd George Morgan, Jr., currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The complaint was received by the court on February 11, 2016. Mr. Morgan's motion to proceed *in forma pauperis* was granted on February 16, 2016. The defendants are Commissioner Scott S. Semple, Deputy Commissioner of Operations Monica Rinaldi, District #1 Administrator Angel A. Quiros, District #2 Administrator Peter Murphy, Director of Programs and Treatment Division Karl Lewis, Warden Antonio Santiago, Deputy Warden of Operations Robert A. Martin, Deputy of Programs and Treatment Jeffrey Zegarzewski, Unit Manager Lieutenant Conger, Intelligence Captain Dougherty, 1st Shift Commander Captain James Sabenas, 2nd Shift Commander Captain Williams, 3rd Shift Correctional Officer Rivard, Correctional Officer Comitos, Correctional Officer Senita, Correctional Officer Duquette, Correctional Officer Thomas Weglarz, Correctional Officer Mathew Morin, Correctional Officer Scully, Correctional Officer Fulcher, Correctional Officer Barstow, Correctional Counselor White, Supervising Psychologist Elizabeth Coursen, Nurse Practitioner Gina Higgins, Nurse Jane Doe a/k/a Anetta, Nurse Beth A. Shaw, Nurse Michael McDonald, Nurse Allen Wood, Warden Carol Chapdelaine,

Deputy Warden of Programs and Treatment G. Mudano, Deputy Warden of Operations Guadarama, Unit Manager Captain Claudio, and Correctional Counselor Landolina.  Mr. Morgan asserts various claims for retaliation and for violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments.  He also references state law tort claims of negligence, intentional infliction of emotional distress.

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.   Allegations

Mr. Morgan has filed a 105 page complaint accompanied by 194 pages of exhibits.  The statement of facts comprises 172 paragraphs on 85 pages.  Many facts are repeated several times and the statement is not presented chronologically.  For these reasons, the Court does not include

a complete summary of the facts.

Mr. Morgan alleges that he files many inmate requests, letters of complaint, grievances and lawsuits regarding staff conduct. The actions alleged in the complaint were taken in retaliation for his exercise of his constitutional right to file these grievances and complaints. The incident underlying the allegedly retaliatory conduct was the multiple complaints and grievances Mr. Morgan filed concerning correctional officers watching the television in the inmate dayroom when no inmates were out of their cells for recreation.

Mr. Morgan alleges that the defendants have labeled him a snitch and falsely accused him of being a pedophile in front of other inmates. They prevent him from making legal calls to contact his attorneys and falsify the mail logs to indicate that he receives less legal mail that is sent to him. The defendants confiscate all of his legal mail to read and destroy. They retrieve letters he attempts to send to the FBI, the U.S. Attorney, and the Attorney General, and destroy them. They have threatened to kill both the plaintiff and his family. Mr. Morgan has repeatedly been placed in restrictive housing during the period covered by the complaint.

In addition, Mr. Morgan includes even more dubious allegations. He alleges that the defendants have poisoned his meals, Doc. #1 ¶ 82, and put chemicals on his sheets, Doc. #1 ¶¶ 93-94, and clothing that make his body burn upon contact. Defendants Rivard, Senita, Comitos and Duquette allegedly created a cell in which to torture Mr. Morgan. He alleges that they threatened to beat him, make him eat human feces, pour blood from AIDS patients over him, cut off and re-attach his genitalia, and inject him with boric acid and ricin. Doc. #1 ¶ 90. Mr. Morgan also alleges that, at MacDougall Correctional Institution, the defendants have permitted inmates to have and use an electrical device that forces high voltage currents into Mr. Morgan's cell to shock him and prevent him from completing this lawsuit. Doc. #1 ¶ 126. The defendants

also have subjected Mr. Morgan to an electronic device that enables them to "shake down his brain" and read his thoughts and any documents he prepares for filing with the courts. Doc. #1 ¶¶ 4, 86.

II.     Analysis

Mr. Morgan's allegations concern defendants and events at two different correctional facilities. The claims arising at Corrigan Correctional Institution appear to have occurred between August 31, 2015 and December 5, 2015. On the latter date, he was transferred to MacDougall-Walker Correctional Institution. The retaliation allegedly continued with different defendants.

Rule Rule 8(a)(2) requires that the complaint include "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint contains 105 pages, 85 of which are the statement of facts. This is not a short and plain statement. "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281 (1969)).

In addition, Mr. Morgan confuses the years, fails to set forth his allegations in chronological order, and repeats allegations multiple times. Mr. Morgan frequently states that supervisory defendants "knew" what other defendants were doing without alleging any facts to support this conclusory statement. This is not a plain or plausible statement of his claims. Thus, the complaint fails to comply with Rule 8(a).

In addition, the complaint does not comply with Rule 20's requirements governing party joinder. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: first, the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

While generally, Mr. Morgan's claims all relate to retaliation, the defendants and the allegedly retaliatory actions are different at the two correctional facilities. Thus, the claims from the two facilities are better addressed separate actions.

Because the Second Circuit has expressed a preference for adjudicating cases on their merits, it generally will find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement or comply with rules governing joinder. *See, e.g., Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Accordingly, Mr. Morgan is hereby directed to file an amended complaint that complies

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

with Rules 8 and 20 of the Federal Rules of Civil Procedure.

Any amended complaint should include claims relating to incidents at only one of the two correctional facilities.  In addition, Mr. Morgan shall provide a short and plain statement of the facts underlying his claims in chronological order, clearly identifying the actions of each defendant that violated his rights.  Mr. Morgan shall file his amended complaint within **thirty (30) days** from the date of this order.  If he wishes to pursue the claims arising at the other correctional facility, he must do so in a separate action.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) Mr. Morgan is given leave to file an amended complaint as provided herein within **thirty (30) days** from the date of this order

(2) The Clerk shall send Mr. Morgan an amended complaint form with this order. Mr. Morgan is cautioned that his amended complaint must comply with the instructions on the form, specifically the instructions concerning the requirements for a valid complaint.  If the amended complaint fails to comply with those instructions, this action will be subject to dismissal with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this twenty-third day of February 2016.

　　　　　　　　　　　　　　　　　　 /s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　VICTOR A. BOLDEN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE