UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR,
    *Plaintiff(s)*,

v.

SCOTT S. SEMPLE, *et al.*,
    *Defendants.*

No. 3:16-cv-225 (VAB)

**RULING AND ORDER**

On June 21, 2019, Lloyd George Morgan, Jr. ("Plaintiff") moved for reconsideration of this Court's Initial Review Order dismissing his harassment claim brought under 42 U.S.C. § 1983. Pl.'s Mot. for Reconsideration, ECF No. 95 (June 21, 2019) ("Pl.'s Mot. for Reconsideration"); Pl.'s Mem. in Support of Pl.'s Mot., ECF No. 95-1 (June 21, 2019) ("Pl.'s Mem."); *see also* Initial Review Order, ECF No. 13 at 17 (Aug. 23, 2016) ("IRO").

Under Fed. R. Civ. P. 59(e) and Local Rule 7(c), Mr. Morgan asks the Court to reconsider its decision dismissing his harassment claim. Pl.'s Mot. for Reconsideration at 1.

For the following reasons, the motion for reconsideration is **DENIED**.

**I.    BACKGROUND**

The Court will assume familiarity with the underlying record of this case and will only discuss matters relevant to resolving this motion.

On August 23, 2016, the Court issued an Initial Review Order and granted Mr. Morgan's motion to amend as to his claims for retaliation, deliberate indifference to safety, and equal protection, as well as violations of his right to privacy and right to free speech. The Court denied his motion regarding his harassment claim. IRO at 1–2. The Court dismissed Mr. Morgan's

harassment claims because "[v]erbal threats and harassment do not state a cognizable claim under section 1983." *Id.* at 17 (citation omitted).

On June 21, 2019, Mr. Morgan filed a motion to reconsider the Court's previous order arguing that the verbal threats and harassment were repeated, consistent, and caused mental anguish and severe emotional distress. Pl.'s Mem. at 2. In Mr. Morgan's view, the alleged factual allegations demonstrated more than a *de minimis* amount of psychological harm. *Id.* at 3–5. Mr. Morgan relies on case law from courts in other circuits to substantiate his claim. *Id.* at 6–8.

On the same day, Mr. Morgan filed a Second Amended Complaint in which he included an amended harassment claim. He noted that he had moved for reconsideration of the Court's dismissal of his harassment claim from his First Amended Complaint. Second Am. Compl., ECF No. 96 at 1, 7–15 (June 21, 2019).

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Indeed, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013) ("It is well-settled that a party may move for reconsideration and obtain relief only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'[.]" *Mandell v. Doloff*, No. 3:17-CV-01282, 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 694 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

### A. Harassment and Actual Injury

The Court dismissed Mr. Morgan's claim of harassment because allegations of verbal threats and harassment do not state a cognizable claim under 42 U.S.C § 1983.

Mr. Morgan argues that the Court's Initial Review Order improperly dismissed his harassment claim. In his view, the claim should be reinstated because he "alleged enough facts to show that he suffered more than *de minimus* psychological harm as a result of the Defendants' constant verbal threats and harassment." Pl.'s Mem. at 1.[1] Mr. Morgan further argues that he should be allowed to maintain a separate cause of action under the Eighth Amendment for cruel and unusual punishment because he "has alleged that the actions of the Defendants caused him to

---

[1] In his motion, Mr. Morgan challenges the Court's ruling in its IRO but cites to his Second Amended Complaint, , filed the same day as his motion for reconsideration, to support his argument that he has pleaded sufficient facts to support a claim of harassment. This Court's IRO, however, ruled on claims presented in Mr. Morgan's First Amended Complaint, ECF No. 24 (August 23, 2016), filed nearly two years before Mr. Morgan's motion for reconsideration. As a result, the Court will not consider the sufficiency of allegations in the Second Amended Complaint in the context of its ruling on the motion for reconsideration because the ruling that Mr. Morgan is challenging does not address that pleading.

suffer severe psychological and emotional distress which also manifested themselves as physical ailments." *Id*. at 1-2.

Mr. Morgan argues that allegations of "verbal threats or harassment cause more than *de minimus* psychological pain." Pl.'s Mem. at 3. Mr. Morgan claims that his allegations of severe emotional distress and mental anguish constitute psychological or physical injury resulting from the alleged conduct. *Id.*

The Court disagrees.[2]

To succeed on his motion for reconsideration, Mr. Morgan must point to any "controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'[.]" *Mandell*, 2018 WL 3677895 at *1 (quoting *Analytical Surveys, Inc.*, 694 F.3d at 52; *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.")).

Mr. Morgan argues that binding precedent from the United States Court of Appeals for the Second Circuit ("Second Circuit") cited by the Court in its IRO does not apply, Pl.'s Mem. at 3, and instead relies on non-binding precedent from the Western District of New York and various other circuit courts to support his argument that he has sufficiently plead a claim for harassment under Section 1983, Pl.'s Mem. at 4–7. Mr. Morgan fails to point to any "controlling decisions or data that the court overlooked in the initial decision or order" that would lead to a

---

[2] The Court has already held that Mr. Morgan has sufficiently plead causes of action for deliberate indifference to safety under the Eight Amendment and retaliation under the First Amendment based on his allegations that the various defendants identified him a snitch or pedophile after he pursued several complaints, grievances, and lawsuits; encouraged other inmates to assault him; threatened him with physical harm themselves; or failed to intervene to ensure his safety after Mr. Morgan informed them of the threats. IRO at 11–13. As previously determined, these claims will proceed against the defendants. Accordingly, the Court only considers his harassment claim.

4

finding of clear error or manifest injustice. D. Conn. L. Civ. R. 7(c). Mr. Morgan's motion for reconsideration instead recognizes that his conclusory allegations of severe psychological distress are insufficient to support allegations of actual injury required to support a cognizable claim of harassment under Section 1983.[3]

Mr. Morgan's harassment claim was dismissed because he failed to allege actual injury resulting from threats of verbal harassment. If Mr. Morgan wishes to proceed with his harassment claim, he must submit an amended complaint alleging actual injury resulting from the verbal harassment that indicates what the injury consists of and does not rely on conclusory allegations. *See Riddick v. Semple*, No. 3:18-CV-408, 2018 WL 3962935, at *3 (D. Conn. Aug. 18, 2018) (denying plaintiff's motion for reconsideration in part because plaintiff failed to

---

[3] The Second Circuit has previously held that verbal threats and harassment, by themselves, do not constitute a cognizable claim under Section 1983, no matter how inappropriate or unprofessional, unless the harassment is accompanied by actual injury. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (upholding district court's determination that name-calling without appreciable injury not constitutional injury); *Timm v. Faucher*, No. 3:16-CV-00531 (VAB), 2017 WL 1230846, at *6 (D. Conn. Mar. 31, 2017) (dismissing claim of Eighth Amendment violation stemming from verbal harassment and abuse where plaintiff failed to allege an appreciable injury and instead referred broadly to the injury she suffered as "severe and foreseeable emotional distress, fear and anguish"); *see also Moore v. Chapdelaine*, No. 3:15-CV-755 (VAB), 2015 WL 4425799, at *3 (D. Conn. July 17, 2015) ("[v]erbal threats and harassment have been held not to state a cognizable claim under section 1983); *Jean-Laurent v. Wilkinson*, 438 F.Supp.2d 318, 325 (S.D.N.Y. 2006) ("verbal intimidation does not rise to the level of a constitutional violation"); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1988) (verbal harassment or profanity alone, regardless of how inappropriate or unprofessional, is not actionable under section 1983).

In other words, Mr. Morgan's "obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Timm*, 2017 WL 1230846 at *4 (internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Timm*, 2017 WL 1230846 at *6. Mere recitations that Mr. Morgan experienced mental anguish and severe emotional distress as a result of verbal threats are insufficient to support a claim of harassment without an allegation of actual injury. Mr. Morgan claims he has suffered physical ailments as a result of verbal harassment but does not allege what those physical ailments are. Pl.'s Mot. for Reconsideration at 1–2.

A greater level of specificity is required when alleging actual injury resulting from verbal harassment. For example, claims that the alleged verbal harassment resulted in "mental stress, worry, discomfort and emotional harm" and fear of going to court are sufficient to support allegations of injury resulting from verbal harassment. *Ruffino v. Murphy*, No. 3:09-CV-1287 (VLB), 2010 WL 1444562, at *4 (D.Conn. Apr. 12, 2010), *adhered to on reconsideration*, No. 3:09-CV-1287 (VLB), 2010 WL 2026446 (D. Conn. May 20, 2010).

provide evidence that would save the insufficiency of his claim and holding that plaintiff should instead file an amended complaint providing more detailed allegations).[4]

Accordingly, the Court denies the motion for reconsideration on Mr. Morgan's harassment claim.

### B. Labelling an Inmate as a Snitch or Pedophile

Mr. Morgan argues that constant verbal threats consisting of labelling him a snitch or rat are sufficient to state a claim for deliberate indifference to safety under the Eighth Amendment. Pl.'s Mem. at 6–8.[5]

The Court disagrees.

Mr. Morgan has not pointed to any intervening change of controlling law or new evidence, however, that would provide a basis for the Court to reconsider its prior ruling in the IRO. *See Kolel Beth Yechiel*, 729 F.3d at 108 (relief under a motion to reconsider is granted only when "the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (citation omitted)). Mr. Morgan cites to case law from the District of Columbia Circuit, as well as the Fourth, Eighth, Ninth, and Eleventh Circuits to support his argument. Pl.'s Mem. at 6–7. This precedent is not binding on this Court.[6] Moreover, as previously decided in the IRO, Mr. Morgan's claims

---

[4] Again, the Court acknowledges that Mr. Morgan has already filed a second amended complaint but, as previously stated, that complaint is beyond the scope of Morgan's motion for reconsideration. Given that the Defendant has filed a motion to dismiss the second amended complaint, the Court will not consider the sufficiency of that complaint until the time it rules on the motion to dismiss. *See* Defs.' Motion to Dismiss, ECF No. 114 (Oct. 21, 2019); Defs.' Mem. in Support of Mot. to Dismiss, ECF No. 114-1 (Oct. 21, 2019); Pl.'s Obj. to Defs.' Mot. to Dismiss, ECF No. 128 (Jan. 10, 2020); Defs.' Reply to Pl.'s Obj. to Mot. to Dismiss, ECF No. 134 (Feb. 7, 2020).

[5] The Court is aware that Mr. Morgan is also arguing that being labelled as a snitch or rat is sufficient to support a claim of harassment. The cases cited by Mr. Morgan each involve claims for deliberate indifference to safety and failure to protect under the Eighth Amendment, not claims of harassment under 42 U.S.C. § 1983.

[6] Mr. Morgan also overlooks precedent from the District of Connecticut on this issue. Allegations that officers instigated threats by calling the plaintiff a snitch in front of other inmates and offering a bounty if another inmate attacked him were clearly sufficient to show "that the defendants were aware of, and disregarded, an excessive risk

6

for deliberate indifference to safety under the Eighth Amendment, which encompass his allegations of being labeled as a snitch or pedophile, will proceed. IRO at 12–13.

Accordingly, Mr. Morgan has failed to meet the standard for a motion for reconsideration on this part of his claim and the motion is denied.

### C. Food Contaminated with Boric Acid

Mr. Morgan argues that his allegations that corrections officers threatened his physical safety in retaliation for filing complaints and grievances by contaminating his food with boric acid support a claim for harassment under 42 U.S.C. § 1983 and a claim for cruel and unusual punishment under the Eighth Amendment. Pl.'s Mem. at 5–6.

The Court disagrees.

Again, this argument does not meet the requisite standard for a motion for reconsideration because Mr. Morgan has not pointed to any intervening change of controlling law or new evidence that would provide a basis for the Court to reconsider its prior ruling in the IRO. *See Kolel Beth Yechiel*, 729 F.3d at 108 (relief under a motion to reconsider is granted only when "the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (citation omitted)). Notably, Mr. Morgan does not cite to a single case indicating that allegations of food contaminated with boric acid constitute a claim of harassment under Section 1983 or a claim of deliberate indifference to safety under the Eighth Amendment.

---

to the plaintiff's health and safety" and constituted a cognizable claim for failure to protect and deliberate indifference to safety under the Eighth Amendment. *Medina v. Black*, No. 3:15-CV-1371 (VLB), 2016 WL 386030, at *5 (D. Conn. Feb. 1, 2016). *See also*, *Medina v. Whitehead*, No. 3:13-CV-885 (VLB), 2014 WL 3697886, at *2 (D. Conn. July 24, 2104) (identifying an inmate as a snitch poses a threat to the inmate's health and safety). This Court held that the plaintiff was not required to allege actual injury resulting from an assault to demonstrate that the defendants subjected the plaintiff to a substantial risk of harm, especially when "the plaintiff was threated repeatedly and those threats prompted him to lodge several unavailing complaints." *Id.* at *6.

7

The Court notes that it has already allowed Mr. Morgan's claim of deliberate indifference to safety under the Eighth Amendment to proceed. IRO at 12. Mr. Morgan's allegations that the "various defendants . . . threatened him with physical harm themselves" encompass allegations related to contamination—actual or threatened—of his food with boric acid and are sufficient to state a plausible claim for deliberate indifference to safety. *Id.* at 13.[7] The Court also points out that it has allowed Mr. Morgan's First Amendment retaliation claim to proceed as well. *Id.* at 11.[8] Allegations of corrections officers contaminating Mr. Morgan's food with boric acid in retaliation for his filing of complaints and grievances or because he was labeled as a snitch or pedophile also fall under his retaliation claim.

Accordingly, Mr. Morgan has failed to meet the standard for a motion for reconsideration. Because Mr. Morgan has not pointed to any controlling law or evidence that would provide a basis for the Court to revisit its prior ruling, the Court denies his motion.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** the Plaintiff's motion for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of February, 2020.

                                                              /s/ Victor A. Bolden
                                                              Victor A. Bolden
                                                              United States District Judge

---

[7] Mr. Morgan's allegations that the defendants threatened the physical safety of himself and his family by telling him that they had killed one of his sisters and brutally assaulted another also fall under his Eighth Amendment claim for deliberate indifference to safety. *See* Pl.'s Mem. at 4–5; IRO at 12–13.

[8] Allegations of corrections officers contaminating food with boric acid or rat poison have been brought as claims for retaliation under the First Amendment. S*ee Mateo v. Bristow*, No. 12 CIV. 5052 RJS, 2013 WL 3863865, at *4–6 (S.D.N.Y. July 16, 2013) (concluding that allegations of corrections officers threatening to feed plaintiff rat poison were sufficient to state a claim for adverse action for purposes of a retaliation claim).